


FILED

Mar 07 2025, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N  T H E

# Court of Appeals of Indiana

The Charter Oak Fire Insurance Company,

*Appellant-Defendant,*

v.

William Dougherty,

*Appellee-Plaintiff.*

---

March 7, 2025

Court of Appeals Case No.
24A-CT-1064

Appeal from the
Henry Circuit Court

The Honorable
Bob A. Witham, Judge

Trial Court Cause No.
33C01-1902-CT-7

**Opinion by Senior Judge Robb**
Judges May and Vaidik concur.

**Robb, Senior Judge.**

## Statement of the Case

[1] William Dougherty was injured in a vehicle accident, and he sought coverage under a commercial vehicle insurance policy his employer had purchased from Charter Oak Fire Insurance Company ("Charter Oak"). Charter Oak denied Dougherty's request, and he filed suit, requesting a declaration that he was entitled to coverage. Charter Oak counterclaimed, asking the trial court to determine the policy did not provide coverage for Dougherty's injuries.

[2] The parties cross-moved for summary judgment. Charter Oak appeals the trial court's denial of its motion for summary judgment and the court's grant of Dougherty's motion for summary judgment. Charter Oak argues that Ohio law applies to this case, and under that state's law, it need not provide coverage here. We need not address the choice of law issue because Dougherty is entitled to coverage under the plain language of the policy. Consequently, we affirm.

## Facts and Procedural History

[3] Dougherty, a resident of Indiana, is employed by Woolpert, Inc. ("Woolpert"). Woolpert's corporate headquarters is in Ohio, but the company has branch

offices and employees in numerous states. Woolpert provides company-owned vehicles for many of its employees, including Dougherty. Dougherty's company-owned vehicle was registered in Indiana.

[4] Woolpert purchased an insurance policy ("the policy") from Charter Oak, a Connecticut corporation, to cover its multi-state fleet of vehicles from December 31, 2016 to December 31, 2017. The policy included general declarations, including underinsured motorist coverage, and state-specific endorsements, including one that provided underinsured motorist coverage for vehicles licensed or garaged in Indiana. *See* Appellant's App. Vol. III, pp. 23-25 (describing general categories of coverage, including underinsured motorist coverage); pp. 138-41 (policy endorsement titled "INDIANA UNDERINSURED MOTORISTS COVERAGE").

[5] In February 2017, Dougherty's usual company-owned vehicle was unavailable. Woolpert paid for Dougherty to rent a vehicle for two days. The rental vehicle was licensed in Indiana.

[6] On February 23, 2017, a two-vehicle accident occurred in Henry County, Indiana. Jerry A. Walbright rear-ended Dougherty, who was driving the rental vehicle. Dougherty sustained injuries.

[7] In February 2019, Dougherty sued Charter Oak, asking the trial court to declare that Charter Oak was required to provide underinsured motorist coverage for

his injuries.[1]  Charter Oak counterclaimed, requesting a declaration that it was not required to provide coverage.  Next, the parties cross-moved for summary judgment.  The court denied Charter Oak's summary judgment motion and granted Dougherty's motion.  The court later issued an order deeming its summary judgment orders to be final and appealable under Indiana Trial Rule 56(C).  This appeal followed.

## Issue

[8]  Charter Oak raises five issues, but one is dispositive:  whether Dougherty is entitled to underinsured motorist coverage under the policy.

## Discussion and Decision

[9]  We review a summary judgment decision using the same standard as the trial court.  *Ind. Repertory Theatre v. Cincinnati Cas. Co.*, 180 N.E.3d 403, 406 (Ind. Ct. App. 2022), *trans. denied*.  A trial court shall render summary judgment "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Ind. Trial Rule 56(C).

[10]  "All facts and reasonable inferences are construed in favor of the non-moving party."  *Ind. Repertory Theatre*, 180 N.E.3d at 407.  Questions of law are

---

[1] Dougherty also sued Walbright and another insurance company, but they were later dismissed from the lawsuit by agreement.

reviewed de novo. *Id.* Our standard of review does not change where, as here, the parties cross-moved for summary judgment. *Id.* "We consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law." *Ind. Farmers Mut. Ins. Co. v. N. Vernon Drop Forge, Inc.*, 917 N.E.2d 1258, 1266 (Ind. Ct. App. 2009), *trans. denied.* We will affirm the trial court's summary judgment decision "upon any theory or basis supported by the designated materials." *Hammerstone v. Ind. Ins. Co.*, 986 N.E.2d 841, 845 (Ind. Ct. App. 2013).

[11] "Generally, the interpretation of an insurance policy presents a question of law and is appropriate for summary judgment." *City of Evansville v. U.S. Fid. & Guar. Co.*, 965 N.E.2d 92, 97-98 (Ind. Ct. App. 2012), *trans. denied.* Whenever a trial court grants summary judgment based on the construction of a written contract, the court has determined as a matter of law that either the contract is not ambiguous or uncertain, or the contract ambiguity, if one exists, can be resolved without the aid of a factual determination. *Plumlee v. Monroe Guar. Ins. Co.*, 655 N.E.2d 350, 354 (Ind. Ct. App. 1995), *trans. denied.*

[12] "'Clear and unambiguous language in insurance policy contracts, like other contracts, should be given its plain and ordinary meaning.'" *Technicolor USA, Inc. v. Ins. Co. of N. Am.*, 216 N.E.3d 1188, 1194 (Ind. Ct. App. 2023) (quoting *Cinergy Corp. v. Associated Elec. & Gas Ins. Servs., Ltd.*, 865 N.E.2d 571, 574 (Ind. 2007)), *trans. denied.* In Charter Oak's case, we are considering an endorsement to an insurance policy, and "the endorsement 'must be read together, construed, and reconciled with the policy to give effect to the whole.'" *Masten*

*v. AMCO Ins. Co.*, 953 N.E.2d 566, 569 (Ind. Ct. App. 2011) (quoting *Stevenson v. Hamilton Mut. Ins. Co.*, 672 N.E.2d 467, 473 (Ind. Ct. App. 1996), *trans. denied*) *trans. denied*. In addition, we must read policy language in a way that harmonizes provisions rather than results in conflict. *Burkett v. Am. Fam. Ins. Group*, 737 N.E.2d 447, 452 (Ind. Ct. App. 2000).

[13] In the current case, as noted above, Charter Oak's policy contains general provisions for underinsured motorist coverage and an Indiana-specific underinsured motorist coverage endorsement. The Indiana endorsement provides that, for vehicles "licensed or principally garaged" in Indiana, Charter Oak will pay "all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'underinsured motor vehicle.'" Appellant's App. Vol. III, p. 138. For a corporate entity such as Woolpert, the endorsement defines an "insured," in relevant part, as: "Anyone 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto.' The covered 'auto' must be out of service because of its breakdown, repair, servicing, 'loss' or destruction." *Id.*

[14] The general coverage portion of the policy defines a covered auto as falling into one of two numerical categories. *Id.* at 23. The "BUSINESS AUTO COVERAGE FORM" portion of the policy explains that one of the categories consists of "private passenger 'autos' [Woolpert] own[s]." *Id.* at 31. The parties do not appear to dispute that Dougherty's regular work vehicle was: (1) licensed in Indiana and (2) owned by Woolpert and thus qualified as a covered auto. There also does not appear to be any dispute that Dougherty's regular

vehicle was unavailable for two days because it was being repaired or serviced. As a result, the short-term rental vehicle Dougherty was driving at the time of the accident appears to meet the endorsement's definition of a temporary substitute for a covered auto, and Dougherty is an insured who is entitled to coverage. *See Tate v. Secura Ins.*, 587 N.E.2d 665, 668 (Ind. 1992) (applying plain language of underinsured motorist policy provisions and determining claimant was entitled to coverage for auto accident caused by underinsured motorist).

[15] Charter Oak points to the second numerical category of covered autos discussed in the general policy provisions that address underinsured motorist coverage. That second category consists of "any auto you do not own and that is a covered auto under this policy for liability insurance and it is licensed or principally garaged in Illinois." Appellant's App. Vol. III, p. 25. Charter Oak argues that even if Dougherty's short-term rental vehicle was covered for purposes of liability insurance, it was not licensed in Illinois and thus does not meet the general policy's requirements for underinsured motorist coverage.

[16] It appears that the general coverage provision cited by Charter Oak could conflict with the coverage provisions of the Indiana underinsured motorist endorsement. But the Indiana endorsement states that its terms "CHANGE[] THE POLICY." *Id.* at 138. The endorsement further provides that the general coverage provisions "apply unless modified by the endorsement." *Id*. Being mindful of our duty to harmonize contract provisions, we read the Indiana endorsement as modifying the policy's general provisions as to underinsured

motorist claims arising in Indiana. As a result, the endorsement's definition of an "insured" is controlling here. This reading follows another longstanding principle of contract interpretation: "specific provisions in a contract control over general provisions relating to the same subject[.]" *Flatow v. Ingalls*, 932 N.E.2d 726, 730 (Ind. Ct. App. 2010), *trans. denied*. Also, to rule otherwise would effectively negate the Indiana underinsured motorist endorsement, and we "construe the language of a contract so as not to render any words, phrases or terms ineffective or meaningless." *Hammerstone*, 986 N.E.2d at 846. It is Charter Oak's burden to explain why the Indiana endorsement does not control, and Charter Oak has not carried that burden. *See Perkins v. Fillio*, 119 N.E.3d 1106, 1110 (Ind. Ct. App. 2019) ("The party who lost at the trial court has the burden to persuade the appellate court that the trial court erred.").

[17] Charter Oak argues that Ohio substantive law applies to this case as to the applicability of underinsured motorist coverage, and under Ohio law, it was not required to obtain a specific written rejection of such coverage from Woolpert in order to nullify underinsured coverage for Dougherty's claim. Dougherty argues Indiana underinsured motorist law applies here and entitles him to underinsured coverage regardless of the policy's language. We need not address the statutory choice of law dispute because the plain language of the policy resolves the parties' coverage disagreement.[2] *See Erie Indem. Co. v. Estate*

---

[2] The parties also present arguments relating to Indiana Code section 27-7-5-2 (2020), the statute that governs uninsured and underinsured motorist insurance coverage in Indiana. We do not need to address those arguments because of our resolution of the case under the plain language of the policy.

*of Harris*; 99 N.E.3d 625, 632 (Ind. 2018) (rejecting plaintiff's interpretation of term used in insurance policy; term was unambiguous and therefore applied without interpretation); *cf. Illinois Farmers Ins. v. Tyson*, 634 N.E.2d 1355, 1359 (Ind. Ct. App. 1994) (trial court did not err in determining Kentucky statute applied to case because policy language in dispute was ambiguous, and resort to statutory authority was necessary), *trans. dismissed*. The trial court did not err in denying Charter Oak's motion for summary judgment or in granting Dougherty's motion for summary judgment.

## Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.


May, J., and Vaidik, J., concur.

ATTORNEYS FOR APPELLANT

Dennis M. Dolan
Litchfield Cavo LLP
Highland, Indiana

Phillip G. Litchfield
Litchfield Cavo LLP
Chicago, Illinois

ATTORNEYS FOR APPELLEE

Robert H. Ebbs
Theresa L.D. Ebbs
Glaser & Ebbs
Indianapolis, Indiana